[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11604
Non-Argument Calendar

_____

D.C. Docket No. 6:15-cv-00096-JA-TBS


JOSEPH FETCHICK, III,

Plaintiff-Appellant,


versus


SEMINOLE COUNTY,
a political subdivision of the state of Florida,

Defendant,

DENNIS M. LEMMA,
as Sheriff of Seminole County, Florida,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 10, 2018)

Before MARTIN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Joseph Fetchick, III, appeals the district court's grant of summary judgment in favor of Dennis M. Lemma, the Sheriff of Seminole County ("the Sheriff"), in his employment discrimination lawsuit alleging violation of his First Amendment right to freedom of association, filed pursuant to 42 U.S.C. § 1983.  On appeal, Fetchick argues that the district court erred because it failed to properly consider evidence he presented opposing summary judgment showing that the Sheriff violated his right to freedom of intimate association, and in concluding that he violated policies of the Seminole County Sheriff's Office ("the Sheriff's Office"). In support, Fetchick highlights several pieces of evidence that he argues support his contention that the Sheriff fired him for engaging in an intimate relationship.

We review *de novo* a district court's grant of summary judgment, viewing the evidence in the light most favorable to the non-moving party.  Quigg v. Thomas Cnty. Sch. Dist., 814 F.3d 1227, 1235 (11th Cir. 2016).  The non-moving party must respond with specific factual evidence, not mere allegations.  Gargiulo v. G.M. Sales, Inc., 131 F.3d 995, 999 (11th Cir. 1997).  If the non-moving party does not respond, then summary judgment may be granted "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."  Fed. R. Civ. P. 56(e)(3).  Summary judgment is properly

granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Quigg, 814 F.3d at 1235 (quotations and alteration omitted).

Section 1983 provides a private cause of action against any person who, acting under color of state law, abridges rights created by the Constitution and laws of the United States. *See* 42 U.S.C. § 1983. The First Amendment, in turn, protects a public employee's right to intimate association. See McCabe v. Sharrett, 12 F.3d 1558, 1562–63 (11th Cir. 1994). The right to intimate association protects an individual's "freedom to choose to enter into and maintain certain intimate human relationships," including "the personal relationships that attend the creation and sustenance of a family—marriage, childbirth, the raising and education of children, and cohabitation with one's relatives." Id. at 1563.

We analyze claims that a public employer violated an employee's right to intimate association under the test set forth by the Supreme Court in Mt. Healthy City School Dist. Bd. of Ed. v. Doyle, 429 U.S. 274 (1977); McCabe, 12 F.3d at 1562; see also Smith v. Price, 616 F.2d 1371, 1376 (5th Cir. 1980). Under that test, the employee first must show that the act for which he alleged he was fired was constitutionally protected, and that it was a "substantial" or "motivating"

3

factor in the decision to discharge him.  Nicholson v. Gant, 816 F.2d 591, 599 (11th Cir. 1987).  Once this is shown the burden shifts to the public official or entity to show by a preponderance of the evidence that the employee would have been dismissed in the absence of the protected act.  Id. (citing Mt. Healthy, 429 U.S. at 287).

The district court did not err in granting summary judgment because, assuming *arguendo* that Fetchick's romantic relationship was constitutionally protected, the record does not show that his relationship was a substantial or motivating factor in the Sheriff's decision to terminate him.  See McCabe, 12 F.3d at 1562; Smith, 616 F.2d at 1376.  Instead, undisputed evidence supports that the Sheriff fired Fetchick for six policy violations, many of which involved underlying conduct to which Fetchick admitted, including handcuffing a student who had not committed a crime.  We conclude that no reasonable jury could find on this record that the Sheriff fired Fetchick for engaging in an intimate relationship.  Accordingly, we affirm the district court's grant of summary judgment.

**AFFIRMED.**

4